UNITED STATES FIRE INSURANCE COMPANY, Appellant, *v.* FRED A. GOULD, JR., Respondent.

Fourth Department, February 22, 1974.

*Jaeckle, Fleischmann & Mugel (J. Edmund DeCastro, Jr.,* of counsel), for appellant.

*McDonough, Boasberg, McDonough & Beltz (Charles J. McDonough* of counsel), for respondent.

MARSH, P. J. Plaintiff, United States Fire Insurance Company (United States Fire) appeals from a judgment dismissing its complaint on the merits and granting judgment to defendant, Fred A. Gould, Jr., for costs.

The plaintiff was the automobile liability insurance carrier on an automobile owned by Buffalo Auto Glass Company, Inc. (Buffalo Auto). The defendant was president of Buffalo Auto.

On May 31, 1959, Elsie Gould was injured in a collision between an automobile owned by Buffalo Auto and operated by her husband, defendant Fred Gould, Jr., and an automobile owned and operated by Lillian Tepas. Thereafter, Mrs. Gould commenced an action to recover damages for personal injuries naming as defendants Buffalo Auto and Lillian Tepas. Following a jury trial a verdict was returned in favor of plaintiff therein, Elsie Gould, against defendant Buffalo Auto in the sum of $25,000 and in favor of the codefendant Lillian Tepas against plaintiff, Elsie Gould, of no cause of action. Thereafter a judgment was entered against defendant, Buffalo Auto, in the amount of $25,617.94, and was paid in full by plaintiff, United States Fire Insurance Company, as insurer of the Buffalo Auto. Plaintiff then brought this action against Fred Gould, Jr. to recover all sums paid in satisfaction of the judgment, claiming subrogation to the rights of Buffalo Auto and alleging negligence on the part of defendant Fred Gould which caused the resultant injuries to Elsie Gould.

Respondent asserts that the defense of the defendant Buffalo Auto was managed, controlled and presented by United States Fire as the liability carrier of Buffalo Auto. It further claims that United States Fire could have impleaded or claimed over against the defendant Fred Gould in the action brought by Elsie Gould by reason of the facts alleged in the complaint in the present action, but nevertheless failed to implead or claim over against him. Respondent argues that he was deprived by United States Fire of an opportunity to defend himself against the allegations of negligence in the action brought by Elsie Gould or from contesting the allegations for damages in that action; that by reason of these acts and omissions of appellant, respond-

ent was deprived of his day in court and that appellant, therefore, should be estopped from asserting the claims against respondent which are the subject of the present action.

No ground exists for the assertion of the doctrine of estoppel. United States Fire had an obligation to defend Buffalo Auto and it did so. It had no obligation to defend Fred Gould in the first action. Gould was not a named defendant and appellant insurer could not have impleaded him, since only a named defendant may proceed against a nonparty and not a potential subrogee, such as was the plaintiff-appellant insurer in the original action (CPLR 1007). It is not even a breach of the co-operation requirement of the liability policy for a defendant to refuse to sign a cross claim tendered by the attorneys for the insurer (*American Sur. Co. of N. Y.* v. *Diamond,* 1 N Y 2d 594); nor is the insurer entitled to be vouched in under its potential subrogee status, because it is not a named defendant (*Glens Falls Ins. Co.* v. *Wood,* 8 N Y 2d 409).

Notwithstanding that respondent is an additional insured under the corporation liability policy, this action involves only the question of the judgment against Buffalo Auto in favor of Elsie Gould and the subsequent subrogation claims by United States Fire for judgment over against respondent for the entire amount paid in satisfaction of the judgment. By reason of the provisions of subdivision 3 of section 167 of the Insurance Law, the claim that defendant is an additional insured is insufficient as a matter of law. This case is analogous to *Glens Falls Ins. Co.* v. *Wood* (9 A D 2d 201, affd. 8 N Y 2d 409, *supra*) wherein the defendant, the son of the named insured, was involved in a collision while driving his father's car. There defendant's wife sustained injuries as a passenger and she sued the father owner and recovered. Thereafter the insurer as subrogee of the father sued the defendant. In that case the court stated (p. 203): " The defense that defendant was an insured under the terms of the policy is easily disposed of by reference to an express provision of the Insurance Law. Subdivision 3 of section 167 of the statute provides: ' No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy.' "

While respondent would be an additional insured under the corporation policy with United States Fire as a person using the automobile with the permission of the named insured, since the policy does not contain a provision for coverage of the spouse

of the insured, respondent is not an additional insured with respect to injuries sustained by his wife.

Respondent makes the further claim that the corporation, Buffalo Auto, was present in the car and in control of the car at the time of the accident in the person of its president, the respondent, and that the active negligence of its president was the active negligence of the corporation owner; that as a result the United States Fire, through subrogation, having only the rights of Buffalo Auto, is not able to seek indemnification from respondent. While the negligence of a driver acting within the scope of his employment may be imputed to an absentee owner employer, thereby precluding the employer's recovery against a third party, this action is brought against the employee driver rather than against a third party and the corporation owner, and therefore appellant United States Fire, its subrogee, is not barred from recovery from respondent driver (*Stedge* v. *Hoover*, 24 A D 2d 911; *Lamoureaux* v. *Crowe*, 6 A D 2d 930; 1 N Y PJI 423).

Respondent not having had his day in court in the original action (see *Nesbitt* v. *Nimmich*, 30 N Y 2d 622; *Molino* v. *County of Putnam*, 29 N Y 2d 44) with a full opportunity to be heard on the issues, neither *res judicata* nor collateral estoppel applied so as to permit summary judgment on the issue of negligence (*Glens Falls Ins. Co.* v. *Wood, supra*).

The judgment should be reversed on the law without costs and a new trial granted.

WITMER, MAHONEY, GOLDMAN and DELVECCHIO, JJ., concur.

Judgment unanimously reversed on the law without costs and a new trial granted.